IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICROSOFT CORPORATION,
a Washington corporation,

    Plaintiff,

  v.

E&M INTERNET BOOKSTORE, INC., a.k.a.
EMESHOP.NET and CHIEN-WEI CHEN,

    Defendants.

No. C 06-06707 WHA

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

In this trademark and copyright infringement case, plaintiff moves for summary judgment and seeks a permanent injunction, statutory damages, and attorney's fees. For the reasons stated below, plaintiff's motion is **GRANTED.**

## STATEMENT

Plaintiff developed, marketed, and distributed computer software programs. Plaintiff held valid and properly-registered copyrights in its software programs, including Microsoft Windows XP Professional and Microsoft Office 2003 Professional (Sanders Decl. Exhs. A–H). Plaintiff also held valid trademarks with the United States Patent and Trademark Office (Sanders Decl. Exhs. I–J).

Defendants E&M Internet Bookstore and Chien-Wei Chen distributed computer software through the internet, including the internet auction site eBay.com.

From April 17 until June 13, 2006, eBay sent defendants approximately 65 auction "takedown" notices concerning Microsoft products that defendants had attempted to sell on eBay (Sanders Decl. Exh. K). On May 2, an investigator for Microsoft purchased two products from defendants — one unit of Windows XP Professional SP2 and one unit of Office 2003 Professional — that were later analyzed and determined to be counterfeit. Plaintiff also contends it received two complaints from customers regarding counterfeit products sold to them by defendants (Br. 10). In an e-mail to defendant Chen on May 26, a representative from Microsoft warned: "we have received samples of counterfeit software distributed through your eBay auctions so it is especially important to verify the legitimacy of your supplier(s)" (Sanders Decl. Exh. L at 2). In a subsequent e-mail, the Microsoft representative cautioned defendant Chen against continued purchases of software from unauthorized distributors (*id.* at 1).

On October 27, 2006, plaintiff filed a complaint alleging copyright infringement, trademark infringement, and false designation of origin against defendants. Defendants filed an answer on November 27 and an amended answer on February 16, 2007.

On May 25, 2007, plaintiff and defendants reached a preliminary settlement agreement wherein defendants agreed to pay plaintiff $35,000. The parties never finalized the settlement, however, because defendant Chen stopped responding to communications from his counsel. Unable to reach their client, defendants' counsel moved to withdraw on September 28. On November 13, this Court ordered defendants to appear in person on November 29 and show cause as to why they should not be deemed in default. Defendants failed to appear.

On January 8, plaintiff filed a motion for summary judgment. On January 17, defendants' counsel submitted a response stating that they had received no communications from defendant Chen and that, as a result, no opposition to plaintiff's motion would be presented. Defendants failed to appear for the summary judgment hearing, despite being notified of the hearing by counsel.

**ANALYSIS**

1. **LEGAL STANDARD.**

Under FRCP 56(c), summary judgment shall be rendered if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Summary judgment is not granted if the dispute about a material fact is "genuine" — that is, if the evidence is such that a reasonable trier of fact could return a verdict for the nonmoving party. The evidence, and all reasonable inferences therfrom, must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

The moving party "has both the initial burden of proof and the ultimate burden of persuasion on a motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party meets its burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by depositions, answers to interrogatories and admissions on file, designate specific facts showing there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986) (internal quotations omitted).

2. **INFRINGEMENT.**

   A. **Copyright Infringement.**

To succeed on a claim for copyright infringement, a plaintiff must prove: (i) that the plaintiff owns a valid copyright; and (ii) that the defendant infringed that copyright. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

After reviewing the evidence, we are satisfied that plaintiff has carried its burden with respect to copyright infringement. *First,* plaintiff clearly owned valid copyrights (Sanders Decl. Exhs. A–H). *Second*, the record indicates that defendants sold two counterfeit products on May 2, 2006. Because defendants have submitted no contrary evidence, there is no genuine issue for trial. Plaintiff's motion for summary judgment with respect to its copyright infringement claim is therefore **GRANTED**.

### B. Trademark Infringement.

Plaintiff also alleges that defendants infringed Microsoft's federally registered trademarks. To make a claim under the Lanham Act, a plaintiff must prove that defendants' commercial use of a "reproduction, counterfeit, copy, or colorable imitation of a registered mark" is likely to "cause confusion." 15 U.S.C. 1114(1).

The record supports a finding of trademark infringement. Plaintiff has established that it held properly-registered trademarks and that defendants sold two counterfeit products over the internet on May 2, 2006. A reasonable consumer would likely be confused about the authenticity of a counterfeit product bearing the "Microsoft" trademark. Indeed, Microsoft received calls from confused customers who had unknowingly bought counterfeit products from defendants. Defendants have submitted no evidence showing that a genuine issue of fact remains for trial. Plaintiff's motion for summary judgment with respect to its trademark claim is therefore **GRANTED**.

### 3. DAMAGES.

Under 504(c) of the Copyright Act, a plaintiff may elect to recover statutory damages instead of actual damages. A district court may award damages of between $750 and $30,000 per copyright infringement. In the case of a willful infringement, a district court may award up to $150,000 per infringement. Under the Lanham Act, a district court may award "not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just." 15 U.S.C. 1117(c). The Lanham Act also allows for enhanced damages of up to $1,000,000 if the infringement is willful.

Plaintiff contends that defendants willfully infringed plaintiff's copyrights and trademarks and that, as a result, plaintiff is entitled to enhanced damages. Under the Copyright Act, infringement is willful where the defendant knowingly infringed or acted with reckless disregard concerning the copyright holder's rights. *Knitwaves, Inc. V. Lollytags Ltd.,* 71 F.3d 996, 1010–11 (2d Cir. 1995). A trademark infringement can be deemed willful where the defendant acted with "willful blindness." *Louis Vuitton S.A. v. Lee,* 875 F.2d 584, 590 (7th Cir. 1989).

The record supports a finding that defendants' infringement of plaintiff's copyrights and trademarks was willful. Defendants received 65 takedown notices from eBay between April 17, 2006, and June 13, 2006 (Sanders Decl. Exh. K). Despite these notices, defendants continued to sell counterfeit material, as evidenced by the sale of two counterfeit products to investigators on May 2. Moreover, defendants continued to buy from unauthorized distributors, despite warnings from plaintiff that doing so posed a greater risk of receiving counterfeit products (Sanders Decl. Exh. M).

Given the willful nature of defendants' infringement, we find plaintiff's request of $45,000 in damages to be reasonable. Under similar circumstances, a district court awarded Microsoft $15,000 per copyright infringement and $50,000 per trademark infringement arising from the sale of a counterfeit copy of Office Pro 97. *Microsoft Corp. v. Software Wholesale Club, Inc.,* 129 F. Supp. 2d 995, 1011 (S.D. Tex. 2000). Here, defendants willfully infringed multiple copyrights and trademarks when it sold a counterfeit copy of Windows XP Professional SP2 and a counterfeit copy of Office 2003 Professional on May 2, 2006. This order, therefore, grants plaintiff the requested sum of $45,000.

### 4. ATTORNEY'S FEES.

Plaintiff requests $5,000 in attorney's fees and costs. Under the Copyright Act, a court has discretion to award the recovery of full costs and reasonable attorney's fees. 17 U.S.C. 505. Under the Lanham Act, a court can award reasonable attorney fees to the prevailing party in exceptional cases. 15 U.S.C. 1117(a).

The willful nature of defendants' infringement and the importance of deterring the sale of counterfeit products weigh in favor of granting attorney's fees. *Historical Research v. Cabral,* 80 F.3d 377, 379 (9th Cir. 1996). This order finds plaintiff's request of $5,000 in attorney's fees and costs to be reasonable, particularly in light of defendants' conduct during these proceedings. The plaintiff's request is **GRANTED**.

### 5. PERMANENT INJUNCTION.

The Copyright Act authorizes district courts to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."

17 U.S.C. 502(a). In the trademark context, the Ninth Circuit has held that a permanent injunction is appropriate even where the plaintiff did not introduce concrete evidence that the defendant would infringe in the future. *Polo Fashions, Inc. v. Dick Bruhn, Inc.,* 793 F.2d 1132, 1135 (9th Cir. 1986).

Given the willful nature of defendants' infringement, a permanent injunction is an appropriate remedy here. This order hereby enjoins defendants from engaging in any of the following activities, and from assisting, aiding, or abetting any other person or entity in engaging in or performing any of the following activities:

1. Engaging in the business of advertising, distributing, and selling counterfeit software covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof;

2. Advertising and distributing counterfeit Microsoft software in interstate commerce on the internet by using any internet auction site, including eBay (www.ebay.com) and PriceGrabber (www.pricegrabber.com); and

3. Engaging in any other activity constituting an infringement of any of Microsoft's registered or unregistered trademarks, servicemarks and/or copyrights, or of Microsoft's rights in, or right to use or to exploit these trademarks, servicemarks, and/or copyrights.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is **GRANTED**. Plaintiff is awarded $45,000 in statutory damages and $5,000 in attorney's fees and costs. Defendants are hereby enjoined from engaging in the activities described above.

**IT IS SO ORDERED.**

Dated: January 22, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

6